IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CALVIN PUCKETT JR.,
    Plaintiff,

v.

THE CBE GROUP, INC.,
    Defendant.

CIVIL ACTION NO.
1:24-cv-2710-SEG-CMS

## FINAL REPORT AND RECOMMENDATION AND ORDER

This case is before the Court on Defendant The CBE Group, Inc.'s motion to dismiss. [Doc. 2]. For the reasons stated below, I will recommend that the motion to dismiss be granted.

## I.    PROCEDURAL BACKGROUND

Plaintiff Calvin Puckett Jr. ("Plaintiff"), who is acting as his own attorney in this case, filed an original complaint in the Magistrate Court of Gwinnett County, Georgia, on May 13, 2024, alleging that Defendant The CBE Group, Inc. ("Defendant") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). [Doc. 1-1, Compl.]. Defendant removed the case to this Court on June 21, 2024. [Doc. 1].

On June 27, 2024, Defendant moved to dismiss Plaintiff's complaint. [Doc. 2]. On July 3, 2024, Plaintiff filed a motion in opposition to Defendant's motion to

dismiss and a memorandum of law in support.  [Doc. 4 and 4-1].  I construe these filings to jointly constitute Plaintiff's response in opposition to the motion to dismiss.  On July 14, 2024, Defendant filed its reply in support of the motion to dismiss.  [Doc. 7].

## II.    <u>LEGAL STANDARD FOR A MOTION TO DISMISS</u>

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 12(b)(6) allows the court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).

A motion to dismiss can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").  A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Twombly*, 550 U.S. at 570).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

2

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks, bracket, and citation omitted).

In considering a motion to dismiss, the court must eliminate any allegations that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion to dismiss, "unwarranted deductions of fact are not admitted as true." *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (citation and quotation marks omitted).

A complaint filed by a pro se party must be leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nothing in that leniency, however, excuses a pro se plaintiff from complying with the threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Nor does this leniency require or allow the Court "to serve as de facto

counsel for a party or to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III.    <u>FACTS ALLEGED IN THE AMENDED COMPLAINT</u>

Plaintiff alleges that he received a consumer disclosure from Trans Union on November 12, 2023, which indicated that Defendant had obtained Plaintiff's consumer report from Trans Union on March 22, 2022.  [Compl. ¶¶ 7, 8].  Plaintiff alleges that Defendant is a debt collector but claims that Defendant obtained his consumer report without a permissible purpose.  [*Id.* ¶¶ 8, 10].  Plaintiff alleges that he "has never initiated any credit transactions, applied for employment, insurance, had any legitimate business dealings, and/or held an account or electronic funds transfer with the Defendant."  [*Id.* ¶ 13].

According to the complaint, on November 24, 2023, Plaintiff sent a communication to Defendant via certified mail inquiring about Defendant's consumer report inquiry.  [Compl. ¶ 15].  Plaintiff alleges that Defendant received the communication on November 28, 2023, but Defendant did not respond or provide any resolution.  [*Id.* ¶ 16].  Plaintiff alleges that he "has no record of providing Defendant with prior consent to procure a consumer report from any consumer reporting agency."  [*Id.* ¶ 17].

Plaintiff asserts in his first claim for relief that Defendant violated 15 U.S.C. § 1681b by procuring his consumer report under false pretenses and without a permissible purpose, and Plaintiff claims entitlement to statutory damages in the amount of $1,000.00. [Compl. ¶ 21]. Plaintiff asserts in his second claim for relief that this same alleged conduct entitles him to actual damages in an amount to be determined at trial. [*Id.* ¶ 24].

## IV.   **DISCUSSION**

"To state a claim for an improper use or acquisition of a consumer report, a plaintiff must plead the following elements: (i) that there was a consumer report; (ii) that the defendant used or obtained it; (iii) that the defendant did so without a permissible statutory purpose; and (iv) that the defendant acted with the specified culpable mental state." *Lashkari-Celestin v. Caliber Homes Loans, Inc.*, No. 1:19-cv-1774-AT-JSA, 2019 WL 11502784, at *13 (N.D. Ga. Sept. 25, 2019) (internal marks and citations omitted), *adopted by* 2019 WL 11502791 (N.D. Ga. Oct. 16, 2019).

Defendant moves to dismiss Plaintiff's complaint, arguing that Plaintiff has failed to state a claim upon which relief can be granted. [Doc. 2 at 1]. Defendant asserts that Plaintiff's allegations do not satisfy the third required element set forth above because Section 1681b(a)(3)(A) expressly provides that debt collection is a

5

permissible purpose to obtain a consumer report under the FCRA. [Doc. 2-1 at 2]. Because Plaintiff alleges in his complaint that Defendant is a debt collector, Defendant maintains that the complaint supports the inference that it permissibly obtained "Plaintiff's consumer report for the specific purpose of using the information to collect Plaintiff's account that was duly placed in its office for collection." [*Id.* at 2–3].

Section 1681b(f)(1) provides that "[a] person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section. . . ." 15 U.S.C. § 1681b(f)(1). A consumer reporting agency may lawfully furnish a consumer report to a person who the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).[1]   Courts have stated the following regarding this provision:

---

[1] Other permissible purposes include providing a consumer report in response to a court order or subpoena; pursuant to written instructions by the consumer; for employment purposes; for underwriting of insurance; for evaluation of eligibility for a license; for assessment of credit or prepayment risks associated with an existing

> [I]f a collection agency . . . is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor.

*Hinkle v. CBE Grp.*, No. CV 311–091, 2012 WL 681468, at \*3 (S.D. Ga. Feb. 3, 2012), *adopted by* 2012 WL 676267 (S.D. Ga. Feb. 29, 2012).

A key element of any claim for violation of Section 1681b is that the defendant obtains the report for an impermissible purpose. *See Davis v. Capital One Auto Fin.*, No. 1:17-cv-1706-WSD, 2017 WL 4129647, at \*2 (N.D. Ga. Sept. 18, 2017). But alleging in a conclusory manner that a defendant did not have a permissible purpose to obtain a plaintiff's consumer report is insufficient to state a claim for relief. *See, e.g.*, *Jairam v. Capital One Bank USA, N.A.*, No. 1:17-cv-2447-TCB-CMS, 2018 WL 1869819, at \*2–3 (N.D. Ga. Feb. 12, 2018) (finding that the plaintiff's claim that she did not have any business dealings with the defendant was inadequate to state a claim under Section 1681b(f) and raised only a possibility of a violation of the FCRA), *adopted by* 2018 WL 1869823 (N.D. Ga. Mar. 13, 2018); *McKernan v.*

---

credit obligation; in relation to legitimate business needs of the consumer; to review an account or to determine if the consumer meets the terms of an account; for issuance of government-sponsored travel charge cards; in relation to child support enforcement; to an agency administering a State plan under 42 U.S.C. § 654; and to certain agencies in preparation for appointment as a conservator, receiver, or liquidating agent. 15 U.S.C. § 1681b(a)(1)-(6).

*Diversified Consultants, Inc.*, No. 6:14-cv-2126-Orl-22KRS, 2015 WL 12426148, at *1, 3 (M.D. Fla. July 2, 2015) (holding that the plaintiff's allegations that plaintiff "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit" from the defendant did not support an impermissible purpose claim); *Hinkle*, 2012 WL 681468, at *2 (finding conclusory the plaintiff's allegations that she "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Defendant]"). A plaintiff must "actually raise a plausible factual allegation corroborating that" the defendant lacked a permissible purpose to obtain the plaintiff's consumer report. *McKernan*, 2015 WL 12426148, at *3. Thus, Plaintiff's allegations that she "has never initiated any credit transactions, applied for employment, insurance, had any legitimate business dealings, and/or held an account or electronic funds transfer with the Defendant" are insufficient to state a claim for a violation of the FCRA.

Like the plaintiff in *Hinkle*, cited above, Plaintiff alleges that he has sent correspondence to Defendant to inquire about Defendant's consumer report inquiry. [Compl. ¶ 15]. Plaintiff complains that Defendant has not responded or provided a resolution to that inquiry. [*Id.* ¶ 16]. However, "Defendant's failure to respond does

not establish that Defendant accessed [his] credit report without a permissible purpose." *Hinkle*, 2012 WL 681468, at *3.

Plaintiff's allegation that he has no record of providing Defendant consent to obtain his consumer report also does not make Plaintiff's FCRA claim viable. "The plaintiff's consent is not required if a report is obtained for a permissible purpose, under § 1681b(a)(3)." *Ware v. All. One Receivables Mgmt.*, No. 1:13-cv-369-CC-GGB, 2013 WL 12382901, at *3 (N.D. Ga. Sept. 9, 2013), *adopted by* 2013 WL 12382922 (N.D. Ga. Nov. 25, 2013). Furnishing a consumer report in accordance with the written instructions of the consumer is only one of the permissible purposes set forth in Section 1681b(a). *See* 15 U.S.C. § 1681b(a)(2). Thus, as long as there is another permissible purpose, there is no FCRA violation under Section 1681b. *See Dabney v. Gerald E. Moore & Assocs.*, No. 4:11-cv-156-HLM-WEJ, 2011 WL 13318761, at *3 (N.D. Ga. Nov. 28, 2011) ("[C]onsent or knowledge is not required if a report is obtained for a permissible purpose set forth in 1681b(a)(3)."), *adopted by* 2011 WL 13318726 (N.D. Ga. Dec. 19, 2011).

In response to Defendant's argument that debt collection was a permissible purpose for Defendant to have obtained Plaintiff's consumer report, Plaintiff states that he specifically alleged that he "did not owe any debt to Defendant." [Doc. 4 at 3, 5; Doc. 4-1 at 3]. However, my review of Plaintiff's complaint informs that the

pleading contains no such allegation. *See generally* [Compl.].  On the other hand, Plaintiff does specifically allege and acknowledge that Defendant is a debt collector. [*Id.* ¶ 10].  Based on Plaintiff's pleading of this allegation, it is reasonable to infer that Defendant was attempting to collect a debt from Plaintiff.

In response to Defendant's motion to dismiss, Plaintiff does not contest that Defendant was seeking to collect a debt from him.  Instead, Plaintiff argues that Defendant must provide evidence that the debt meets the definition of an "account" under the FCRA, and Plaintiff asserts that Defendant has failed to come forward with evidence that the debt it sought to collect was an "account" as defined by the FCRA. [Doc. 4 at 3–6; Doc. 4-1 at 2–3].  Defendant has no such obligation to present evidence at the motion to dismiss stage.  *Myers v. Clayton Cnty. Bd. of Comm'rs*, No. 1:20-cv-5186-CAP, 2021 WL 3485293, at *3 (N.D. Ga. July 22, 2021) ("[A] defendant is not required to present evidence when filing a motion to dismiss for failure to state a claim upon which the court may grant relief.").

At this procedural juncture in the case, the issue at hand is whether Plaintiff's complaint is legally sufficient to withstand Defendant's motion to dismiss.  It is not. Plaintiff alleges only that he "never initiated any credit transactions, applied for employment, insurance, had any legitimate business dealings, and/or held an account or electronic funds transfer with the Defendant" and that he did not give consent for

Defendant to obtain his consumer report. [Compl. ¶¶ 13, 17]. Plaintiff acknowledges in his complaint that Defendant is a debt collector, and the complaint contains no allegation that Plaintiff did not owe Defendant a debt or that Defendant was not attempting to collect a debt from him. Plaintiff's allegations simply do not state a plausible claim that Defendant violated Section 1681b of the FCRA.

For these reasons, I will recommend that the district judge grant Defendant's motion to dismiss and dismiss Plaintiff's complaint with prejudice.

## V.    LEAVE TO AMEND

A district court generally must allow a plaintiff proceeding pro se an opportunity to amend his complaint but need not permit amendment if it would be futile. *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018); *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage."). "A district court does not abuse its discretion by denying leave to amend as futile where a plaintiff fails to identify any new facts that might form the basis for stating a claim successfully." *Baptist v. Doe*, No. 20-14564, 2021 WL 6112976, at *2 (11th Cir. Dec. 27, 2021).

In this case, Plaintiff's allegations and briefing support the inference that Defendant had a permissible purpose to obtain Plaintiff's consumer report—debt

11

collection.  Plaintiff has not identified or asserted any new facts that would make his Section 1681b claim plausible.  I thus find that allowing Plaintiff an opportunity to amend would be futile.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (stating that a district court need not allow an amendment where amendment would be futile); *Watkins v. Beneficial, HSBC Mortg.*, No. 1:10-cv-1999-TWT-RGV, 2010 WL 4318898, at *5 (N.D. Ga. Sept. 2, 2010) (recommending that a pro se complaint be dismissed with prejudice where amendment would be futile), *adopted by* 2010 WL 4312878 (N.D. Ga. Oct. 21, 2010).

If Plaintiff objects to this Report and Recommendation and seeks leave to amend, he must attach a proposed amended complaint to his objections.

## VI.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's motion to dismiss [Doc. 2] be **GRANTED** and that Plaintiff's complaint be **DISMISSED with prejudice**.

As this is a Final Report and Recommendation and there are no other matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned.

**SO REPORTED, RECOMMENDED, AND ORDERED**, this 12th day of August, 2024.

Catherine M. Salinas
United States Magistrate Judge